IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDEPENDENCE FEDERAL SAVINGS
BANK, *et al.*

        *Plaintiffs*,

v.

1225 CONNECTICUT CO. LLC, *et al.*

        *Defendants.*

Civil Action No. 07-2090 (JDB)

## DEFENDANTS' ANSWER

Defendants 1225 Connecticut Co. LLC ("1225") and Davis Construction Services, LLC ("DCS"), by and through their undersigned counsel, hereby submit the following Answer to the Complaint. In support of their Answer, Defendants state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs waived or released or otherwise are estopped from asserting the claims alleged in the Complaint.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by a failure to mitigate damages.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the terms of Plaintiff Independence Federal Savings Bank's ("IFSB") Lease.

LAW OFFICES
GREENSTEIN DELORME & LUCHS, P.C.
1620 L STREET, N. W.
SUITE 900
WASHINGTON, D.C. 20036-5605
AREA CODE 202-452-1400

327024v1

## FIFTH DEFENSE

All claims against Defendant DCS should be dismissed because DCS had nothing to do with the renovations at 1225 Connecticut Avenue.

## SIXTH DEFENSE

Plaintiff Stanley Parsons lacks standing to assert any claims against either of the Defendants.

## SEVENTH DEFENSE

There is no implied covenant of quiet enjoyment in the presence of an express covenant.

## EIGHTH DEFENSE

The covenant of quiet enjoyment does not apply to persons who are neither landlords nor tenants.

## NINTH DEFENSE

Plaintiff Parsons' claim of nuisance is barred because he does not possess a property interest.

## TENTH DEFENSE

To the extent that Plaintiff IFSB has incurred any damages, such damages are offset by the amount of rent which IFSB has failed to pay Defendant 1225.

## ELEVENTH DEFENSE

Plaintiff IFSB's claim of breach of contract is barred by IFSB's own breach.

## TWELFTH DEFENSE

Defendants deny any and all allegations set forth in the Complaint to the extent that Defendants do not specifically admit those allegations elsewhere in this Answer.

327024v1

### THIRTEENTH DEFENSE

Because Defendant DCS has nothing to do with the Repositioning Project which is at issue in this case, DCS's response to nearly all allegations of the Complaint is that it is without knowledge to admit or deny the allegations and that it therefore denies same and demands strict proof thereof. The only exceptions to this are those paragraphs to which it is stated that the response is on behalf of "Defendants."

### FOURTEENTH DEFENSE

Responding to the specific allegations of the paragraphs of the Complaint, Defendants state as follows:

1.    Defendants state that paragraph 1 of the Complaint is a statement of law, not an allegation of fact, and Defendants are therefore not required to respond. To the extent an answer is deemed necessary, Defendants deny same and demand strict proof thereof.

2.    Defendant 1225 admits the first sentence of paragraph 2 of the Complaint. Defendant 1225 is without knowledge to admit or deny the remainder of paragraph 2, and it therefore denies same and demands strict proof thereof.

3.    Defendant 1225 is without information to admit or deny the allegations of paragraph 3 of the Complaint, and it therefore denies same and demands strict proof thereof.

4-5.    Defendants admit the allegations of paragraphs 4-5 of the Complaint.

6.    Defendant 1225 admits the first two sentences of paragraph 6 of the Complaint. With respect to the remainder of the allegations of paragraph 6, the Lease speaks for itself.

7-8.    With respect to the allegations of paragraphs 7-8 of the Complaint, the Lease speaks for itself.

327024v1

3

9.      Defendant 1225 admits that on or about December 16, 1998, IFSB and Poole entered into a Memorandum of Lease ("MOL"). The MOL speaks for itself.

10-11.    With respect to the allegations of paragraphs 10-11 of the Complaint, the Lease speaks for itself.

12.     Defendant 1225 admits the allegations of paragraph 12 of the Complaint.

13-15.    With respect to the allegations of paragraphs 13-15 of the Complaint, the lease amendment speaks for itself.

16.     Defendant 1225 admits the allegations of paragraph 16 of the Complaint.

17.     Defendant 1225 admits the allegations of the first sentence of paragraph 17 of the Complaint and denies the remaining allegations of paragraph 17.

18.     Defendant 1225 admits the first two sentences of paragraph 18 of the Complaint. With respect to the remainder of the allegations of paragraph 18, the May 11, 2007 speaks for itself.

19.     Defendant 1225 admits the first four sentences of paragraph 19 of the Complaint. Defendant 1225 denies the remaining allegations of paragraph 19 of the Complaint.

20.     Defendant 1225 admits that Mr. Bender and Mr. Schulman met on July 2, 2007. Defendant 1225 denies the remaining allegations of paragraph 20 of the Complaint.

21.     Defendant 1225 denies the allegations of paragraph 21 of the Complaint.

22.     Defendant 1225 admits the first two sentences of paragraph 22 of the Complaint. With respect to the last sentence of paragraph 22 of the Complaint, Defendant 1225 is without knowledge as to what IFSB knew or did not know, and it therefore denies same and demands strict proof thereof.

327024v1

23.     With respect to the allegations of paragraph 23 of the Complaint, the July 20, 2007 memo speaks for itself.

24.     Defendant 1225 admits that Exhibit E is a site layout plan.  Defendant 1225 denies the remaining allegations of paragraph 24 of the Complaint.

25.     Defendant 1225 admits the first sentence of paragraph 25 of the Complaint.  With respect to the remaining allegations of paragraph 25 of the Complaint, the July 25, 2007 letter speaks for itself.

26.     Defendant 1225 denies the allegations of paragraph 26 of the Complaint.

27.     Defendant 1225 admits that the Reposition Project continues.  Defendant 1225 denies the remaining allegations of paragraph 27 of the Complaint.

28.     Defendant 1225 denies the allegations of paragraph 28 of the Complaint.

29.     Defendant 1225 is without information to admit or deny the allegations of the first sentence of paragraph 29 of the Complaint and it therefore denies same and demands strict proof thereof.  Defendant 1225 denies the remaining allegations of paragraph 29 of the Complaint.

30.     Defendant 1225 denies the allegations of paragraph 30 of the Complaint.

31.     Defendant 1225 admits that some plywood has been attached to the lower portions of the scaffolding in the front of 1225 Connecticut Avenue.  Defendant 1225 denies the remaining allegations of paragraph 31 of the Complaint

32.     Defendant 1225 admits the first sentence of paragraph 32 of the Complaint.  Defendant 1225 denies the remaining allegations of paragraph 32 of the Complaint.

33.     Defendant 1225 is without knowledge to admit or deny the allegations of paragraph 33 of the Complaint and it therefore denies same and demands strict proof thereof.

34.     Defendant 1225 denies the allegations of paragraph 34 of the Complaint.

327024v1

5

35.    Defendant 1225 admits that on N Street along the length of the building there was metered parking, and that some of those spaces are now occupied by construction fencing. Defendant 1225 denies the remaining allegations of paragraph 35 of the Complaint.

36.    Defendant 1225 admits the third sentence of paragraph 36 of the Complaint, but affirmatively avers that one does not need to walk under the chutes to use the emergency exit. Defendant 1225 denies all remaining allegations of paragraph 36.

37-41.    Defendant 1225 denies the allegations of paragraphs 37-41 of the Complaint.

42.    Defendant 1225 admits the last sentence of paragraph 42 of the Complaint. Defendant 1225 denies the all remaining allegations of paragraph 42.

43.    Defendant 1225 is without knowledge as to what IFSB employees saw or did not see. Defendant 1225 affirmatively avers that it has taken steps to address any vermin complaints lodged. Defendant 1225 also affirmatively avers that it has accommodated IFSB with respect to trash issues. Defendant 1225 denies the all remaining allegations of paragraph 43 of the Complaint.

44.    Defendant 1225 denies the allegations of paragraph 44 of the Complaint.

45-46.    Defendant 1225 is without knowledge to admit or deny the allegations of paragraphs 45-46 of the Complaint and it therefore denies same and demands strict proof thereof.

47.    Defendant 1225 denies the allegations of the fifth sentence of paragraph 47 of the Complaint. Defendant 1225 is without knowledge to admit or deny the remaining allegations of paragraph 47 of the Complaint, and it therefore denies same and demands strict proof thereof.

48.    Defendant 1225 admits the first sentence of paragraph 48 of the Complaint. Defendant 1225 denies the second sentence of paragraph 48 of the Complaint. Defendant 1225

is without knowledge to admit or deny the allegations of paragraph 48 of the Complaint, and it therefore denies same and demands strict proof thereof.

49-50.    Defendant 1225 is without information to admit or deny the allegations of paragraphs 49-50 of the Complaint, and it therefore denies same and demands strict proof thereof.

51.    Defendant 1225 admits that some of the barricades lining N Street are, at times, not filled with water. Defendant 1225 denies the remaining allegations of paragraph 51 of the Complaint.

52-54.    Defendant 1225 denies the allegations of paragraphs 52-54 of the Complaint.

## COUNT I

55.    Defendants hereby incorporate herein by reference their responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.    The allegations of paragraph 56 state conclusions of law, not statements of fact, and Defendants therefore are not required to respond.

57-60.    Defendant 1225 denies the allegations of paragraphs 57-60 of the Complaint.

## COUNT II

61.    Defendants hereby incorporate herein by reference their responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62-63.    Defendant 1225 denies the allegations of paragraphs 62-63 of the Complaint.

64.    Defendant 1225 denies the allegations of paragraph 64 of the Complaint. Moreover, Defendant 1225 affirmatively avers that Defendant Parsons has no standing with respect to any claims regarding the covenant of quiet enjoyment.

65.    Defendant 1225 denies the allegations of paragraph 65 of the Complaint.

327024v1

## COUNT III

66.    Defendants hereby incorporate by reference their responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.    The first sentence of paragraph 67 of the Complaint is a statement of law not a statement of fact to which Defendants are required to respond. To the extent an answer is deemed necessary, Defendants deny the allegations of the first sentence. Defendants deny the remaining allegations of paragraph 67 of the Complaint.

68-69.    Defendants deny the allegations of paragraphs 68-69 of the Complaint.

## COUNT IV

70.    Defendants hereby incorporate by reference their responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.    Defendant 1225 admits that IFSB occupies the premises. Defendant 1225 denies all remaining allegations of paragraph 71 of the Complaint.

72-76.    Defendants deny the allegations of paragraphs 72-76 of the Complaint.

## COUNT V

77.    Defendants hereby incorporate by reference their responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78-80.    Defendants deny the allegations of paragraphs 78-80 of the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiffs' claims be dismissed or that judgment be entered in Defendants' favor with respect to those claims and that Defendants be awarded the costs of this suit, including reasonable attorneys' fees. Defendants further

327024v1

8

request that Plaintiffs' jury demand be stricken since such was contractually waived by Plaintiff IFSB.

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  December 7, 2007

/S/  William C. Casano

Richard W. Luchs, #243931
William C. Casano, #352492
Joshua M. Greenberg, #489323
1620 L Street, N.W., Suite 900
Washington, DC  20036-5605
Telephone:  (202) 452-1400
E-mail:  rwl@gdllaw.com
E-mail:  wcc@gdllaw.com
E-mail:  jmg@gdllaw.com
*Attorneys for Defendants*
*1225 Connecticut Co. LLC and*
*Davis Construction Services, LLC*

327024v1

9