UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDEPENDENCE FEDERAL SAVINGS BANK, )
    et al.,                      )
                                )
    Plaintiffs,           )    C.A. No. 07 2090 JDB
                                )
    v.                       )
                                )
1225 CONNECTICUT CO. L.L.C.,     )
    et al.,                      )
                                )
                                )
    Defendants.           )
_____)

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND ATTORNEYS FEES**

Plaintiffs Independence Federal Savings Bank ("IFSB" or the "Bank") and Stanley W. Parsons ("Parsons"), by and through their undersigned counsel, hereby reply to the Defendants' opposition to the Plaintiffs' Motion To Remand and for Costs and Attorneys Fees and state as follows:

**INTRODUCTION**

Plaintiffs filed their action against the Defendants in the District of Columbia Superior Court alleging claims sounding in contract as well as tort arising from the Repositioning Project taking place at the headquarters location of Plaintiff Bank. The Defendants removed to this Court, alleging diversity jurisdiction as between Plaintiff IFSB and Defendant 1225 Connecticut Co., L.L.C. and asserting fraudulent joinder of both Plaintiff Parsons and Defendant Davis Construction Services, LLC ("Davis"), non-

1

diverse parties.   Plaintiffs' moved to remand back to the District of Columbia Superior Court, contending that Plaintiff Parsons and Defendant Davis were not fraudulently joined and, therefore, that this Court does not have diversity jurisdiction. In opposing, the Defendants ask this Court to engage in fact finding and to determine the merits of the action, neither of which is an appropriate exercise for a Court whose jurisdiction is not yet settled.   Plaintiffs respectfully request the Court to grant their Motion and to remand this matter back to the District of Superior Court.

**ARGUMENT**

**I.    PLAINTIFF PARSON'S CLAIMS AGAINST THE DEFENDANTS ARE NOT "WHOLLY NONSENSICAL"**

The Defendants assert that all of Parsons' claims should be dismissed under a motion to dismiss standard.   As Plaintiffs explained in their opening Memorandum, however, the test on a motion for remand is not whether a complaint would survive a motion to dismiss; it is the lesser standard of whether the claims asserted in the complaint are "wholly nonsensical."   Brown v. Brown & Williamson Tobacco Corp., 26 F. Supp. 2d 74, 77 (D.D.C. 1998).   Plaintiff Parsons submits that his claims as a contractual third party beneficiary and for recovery under theories of quiet enjoyment and negligence and nuisance more than meet this test.   Indeed, even if the court were to apply a

"motion to dismiss" standard, Parsons would meet it as well.

**A.  D.C. Case Law Does Not Preclude Parsons'
    Third-Party Beneficiary Claim**

On his third-party beneficiary claim against Defendant 1225 Connecticut Co., LLC.  ("1225 LLC"), Parsons alleges in his Complaint that he is a third-party beneficiary of the terms of the lease between the Bank and Defendant 1225 LLC.  As the Defendants themselves write in their Opposition, the determining factor on such a claim is whether the contracting parties intended for the plaintiff to be a beneficiary of the contract. Defendants' Memorandum of Points and Authorities Opposing Plaintiffs' Motion to Remand and For Costs and Attorneys Fees ("Defs. Oppos.") at 10 (citing Fields v. Tillerson, 726 A.2d 670 (D.C. 1999)).  Then, however, the Defendants make a merits argument that Plaintiff Parsons was not an intended beneficiary under the lease.  See Defs. Oppos. at 10-12.  Such arguments simply are not appropriate considerations in opposing a motion for remand; the issue of intent is a merits decision.  In the absence of binding District of Columbia case law holding that in no circumstances can an employee be the third party beneficiary of a commercial lease, the Defendants cannot sustain their burden of demonstrating that Plaintiff Parsons was fraudulently joined.[1]

---

[1]  The Defendants' reliance on one unreported case (discussing third party beneficiaries) from Connecticut's trial

The District of Columbia recognizes a cause of action for a third party beneficiary under a contract (see e.g., Fields v. Tillerson, 726 A.2d 670 (D.C. 1999); A.S. Johnson co. v. Atlantic Masonary Co., 693 A.2d 1117 (D.C. App. 1997) and therefore it cannot be said that Parsons' claim is "wholly nonsensical."

### B.    D.C. Case Law Does Not Preclude Parsons' Quiet Enjoyment Claims

In Count III, Plaintiff Parsons brings a claim for breach of the implied covenant of quiet enjoyment against both Defendants. Defendants contend that there can be no claim for an implied covenant of quiet enjoyment where there is an express covenant of quiet enjoyment, citing three Maryland cases (one of which, IGEN Intern. Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 314 (4th Cir. 2003), applied Delaware law) and one unreported Texas case. Besides the fact that those cases are inapplicable in this context because they were not decided under District of Columbia law, the Maryland cases are inapposite for the additional reason that in those cases, the implied term contradicted the express terms of the contract.  Here, the implied covenant of quiet enjoyment does not conflict with the express covenant of quiet enjoyment.

---

court on a motion to strike counts of a complaint has absolutely no precedential or instructional value for this Court in considering Plaintiffs' remand motion.

Defendants have failed to cite any District of Columbia case holding that one can not plead a claim for breach of an implied covenant of quiet enjoyment if one is also pleading a claim for breach of an express covenant of quiet enjoyment.  In fact, District of Columbia law does permit a plaintiff to concurrently plead claims based on both implied and express covenants.  <u>See</u> <u>e.g.</u>, <u>Merrell Dow Pharmaceuticals, Inc. v. Oxendine</u>, 593 A.2d 1023 (D.C. App. 1991); <u>District Concrete Company, Inc. v. Bernstein Concrete Corp.</u>, 418 A.2d 1030 (D.C. App. 1980); <u>HSBC Bank USA, N.A.</u> 2007 WL 1404443 (D.D.C. 2007) (slip copy) (denying motion to dismiss plaintiff's separate claims of breach of express or implied contract and breach of implied duty of good faith and fair dealing).  Accordingly, Plaintiff Parsons is entitled to test the merits of his claims based on quiet enjoyment in D.C. Superior Court.

Moreover, if Defendants were to ultimately prevail on their defense to Parsons' third-party beneficiary claim under the lease, such that Parsons' is not a third-party beneficiary of the express provisions of the lease, the implied covenant of quiet enjoyment would provide an alternative basis of relief. Moreover, this Court, at the August hearing on the Preliminary Injunction Action in the Federal Action, stated in closing that "1225 should, therefore, continue to bear in mind its obligations under the lease ***and the implied covenant of quiet enjoyment***,

including the obligation to avoid unreasonable interference with IFSB's use and enjoyment of the premises."  Transcript of Oral Ruling on September 11, 2007 (attached as Exhibit A to Defs. Oppos.) at 23 (emphasis added).

## C. A Covenant of Quiet Enjoyment Can Run Against Defendant Davis or in Favor of Plaintiff Parsons

Defendants also argue that the covenant of quiet enjoyment can run only between Plaintiff IFSB and Defendant 1225, as landlord and tenant, and that the covenant cannot run either in favor of Plaintiff Parsons (as an employee of the tenant IFSB) or against Defendant Davis (as the contractor for the landlord 1225).  None of the three cases cited by the Defendants, however, support this assertion.  Young v. District of Columbia, 752 A.2d 138 (D.C. App. 2000) involved the issue of whether a purported subtenant is entitled to legal process in his eviction. In Hyde v. Brandler, 118 A.2d 399 (D.C. App. 1955), the Court recognized that a tenant has a right to quiet enjoyment but did not hold that *only* a tenant holds this right.  In Hawkins v. Greenfield, 797 F. Supp. 30 n.9 (D.D.C. 1992), the court does state that a claim for breach of quiet enjoyment "can only lie against a landlord for acts by the landlord which interfere with the tenant's use and possession," but no District of Columbia Court of Appeals cases are cited.

The Plaintiffs submit that there are other District of Columbia cases which are more applicable for the Court's consideration on this issue.  In <u>Wilson v. Hart</u>, 829 A.2d 511 (D.C. App. 2003), the Court of Appeals, in discussing <u>Young</u> (the same case cited by Defendants 1225 LLC and Davis) expressly stated: "[In <u>Young</u>], [w]e expressly left open the question as to the master lessor's eviction rights directly against the lessee. [citation omitted].  In the absence of any clear factual determination as the precise status of appellants' occupancy of the property, we do not address that issue her nor the issue whether a wrongful eviction or breach of quiet enjoyment action may lie ***even if appellants' occupancy constituted something less than some sort of tenancy***."  <u>Wilson</u>, 829 A.2d at 515 (emphasis added).  In <u>Sarete, Inc. v. 1344 U Street Limited Partnership</u>, 871 A.2d 480, 494 (D.C. App. 2005), the Court, discussing both <u>Wilson</u> and <u>Young</u>, noted that "the concept of 'privity' is not always regarded as a bar to a remedy."  Finally, in <u>Fred Drew Const. Co. v. Mire</u>, 89 A.2d 634 (D.C. 1952), a plaintiff/tenant brought an action against the owner of adjacent property as well as it contractor because the excavation at the adjacent property was causing water to leak into the plaintiff's leased premises. <u>Id</u>. at 634.  The first count against *both* defendants was for breach of the covenant of quiet enjoyment.  <u>Id</u>.  Although the Court directed a verdict for the construction company on the

count alleging breach of the covenant of quiet enjoyment, that ruling came after the close of all the evidence at trial. Thus, the Court allowed the issue to be tried to the jury.[2]

Accordingly, in the absence of controlling District of Columbia case law that the claims based on quiet enjoyment alleged in the complaint (both the claims alleged in favor of Parsons and the claims alleged against Defendant Davis), and bolstered by the presence of favorable inferences to be gleaned from the District of Columbia cases, the Plaintiffs respectfully submit that the Defendants have failed to meet their burden of demonstrating that the Plaintiffs' claims are wholly nonsensical.

## II.  <u>PLAINTIFFS HAVE STATED A CLAIM FOR NUISANCE</u>

Plaintiffs allege in Count IV of their Complaint that the Defendants have created a nuisance. The Defendants argue that only those whose property rights have been invaded may bring an action for nuisance. Defs. Oppos. at 15 (citing <u>Holloway v. Bristol-Meyers Corp.</u>, 327 F. Supp. 17, 24 (D.D.C. 1971), <u>aff'd</u>, 158 U.S. app. D.C. 20, 485 F.2d 986 (D.C. Cir. 1973). <u>Holloway</u> concerned a plaintiff bringing a nuisance claim based on false advertising - there were no property rights of any sort

---

[2] Plaintiffs IFSB and Parsons acknowledge that the opinion does not reveal whether there were any pre-trial motions filed to dismiss the quiet enjoyment claim. In this particular posture, however, the Plaintiffs respectfully submit that they are entitled to an inference from <u>Fred Drew</u> that a quiet enjoyment claim against another's contractor is at least cognizable.

involved.  The cases which Plaintiffs cited in their opening

Memorandum[3] provide ample support for a nuisance claim by one in

Plaintiff Parsons' position - an employee of a tenant lawfully

present at the premises.

### III.  <u>DEFENDANT DAVIS DESTROYS DIVERSITY</u>

Defendants also contend that there is diversity because

Defendant Davis is not a proper party and that the general

contractor is instead James G. Davis Construction, Inc.  Absent

discovery, it is not at all clear that there can be no action

against Defendant Davis Construction Services LLC.  As Plaintiffs

have demonstrated, Defendant 1225 LLC has identified the contract

as "Davis Construction" and the permit is in the name of Davis

Construction.  Thus, even if James G. Davis Construction, Inc. is

the general contractor as Defendants state, Defendant Davis

Construction Services LLC is not necessarily and absolutely

absolved of any connection to this matter.  Moreover, to the

extent that this is a matter of misjoinder or failure to join a

---

[3] <u>See</u> <u>e.g.</u>, <u>Souci v. William C. Smith & Co.</u>, 763 A.2d 96
(D.C. App. 2000) (recognizing that, notwithstanding lack of
contractual privity, property manager of co-operative building
has common law duty of care to tenants and occupants in
performance of repairs and also recognizing duty of property
manager to exercise due care when "it engages in activities
affecting [tenant/occupant's] enjoyment of his tenancy");
<u>Anderson v. Washington Metropolitan Area Transit Authority</u>, 1991
WL 197024 (D.D.C. 1991) (recognizing claim for nuisance and
negligence by person residing across from construction project
against contractor performing work); <u>Bostic v. Henkels and McCoy,</u>
<u>Inc.</u>, 748 A.3d 421 (D.C. App. 2000) (contractor owes common law
duty of care to those lawfully present near construction site).

necessary party, Plaintiffs intend to amend their Complaint to join James G. Davis Construction, Inc. as a Defendant.  Because it is also a Virginia corporation (<u>see</u> Exhibit E to Defs. Oppos.), diversity is destroyed in any event and the case should be remanded back.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Plaintiffs respectfully request the Court to remand this case back to the District of Columbia Superior Court and to award the Plaintiffs their costs and attorneys fees incurred as a result of the Defendants' removal to this Court.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


    /s/
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202) 537-0700
efiling@cootermangold.com
*Attorneys for Plaintiffs*
 *Independence Federal Savings Bank*
 *and Stanley W. Parsons*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of December, 2007, a copy of the Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand and for Costs and Attorneys Fees was served through the Court's ECF system on:

> Richard W. Luchs, Esq.
> William C. Casano, Esq.
> GREENSTEIN DELORME & LUCHS, PC
> 1620 L Street, N.W.
> Suite 900
> Washington, DC  20036-5605

_____/s/_____
Dale A. Cooter

11