```
             UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

INDEPENDENCE FEDERAL SAVINGS BANK, )
     et al.,                       )
                                   )
     Plaintiffs,                   )   C.A. No. 07 2090 JDB
                                   )
     v.                            )
                                   )
1225 CONNECTICUT CO. L.L.C.,       )
     et al.,                       )
                                   )
                                   )
     Defendants.                   )
_____)
```

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
<u>TO STRIKE JURY DEMAND</u>**

Plaintiffs Independence Federal Savings Bank ("IFSB" or "Bank") and Stanley W. Parsons ("Parsons"), by and through their undersigned counsel, hereby oppose the Defendants' Motion to Strike the Jury Demand and state as follows:

The Plaintiffs filed their action against Defendants 1225 Connecticut Co. L.L.C. ("1225 LLC") and Davis Construction Services LLC ("Davis") alleging breaches of a lease, breaches of the implied covenant of quiet enjoyment, nuisance and negligence. The claims arise from injuries the Plaintiffs suffered and continue to suffer from 1225 LLC's Repositioning Project taking place in the building in which IFSB has its bank headquarters and where Parsons is an employee. The Plaintiffs filed their action in the District of Columbia Superior Court ("Superior Court"), but the Defendants have removed the action to this Court, asserting diversity jurisdiction and fraudulent joinder of

Plaintiff Parsons and Defendant Davis. Currently pending before this Court is the Plaintiffs' Motion to Remand the case back to Superior Court. The Plaintiffs respectfully submit that the Defendants' Motion to Strike the Jury Demand should be denied because as premature.

## ARGUMENT

The Defendants have moved to strike the jury demand in this case asserting that the lease agreement between Plaintiff Bank and Defendant 1225 LLC (as successor in interest to the original lessor) contains a jury waiver provision. The Defendants contend that by this provision the Bank has waived a right to trial by jury on all of its claims and that Parsons is also bound by those provisions because he can "be afforded no greater rights under the Lease than those explicitly set forth within the Lease." Defs. Memorandum at 4.

The Defendants' Motion to Strike the Jury Demand is premature. Plaintiffs' Motion for Remand to the Superior Court remains pending. It would be premature for this Court to rule on the Motion to Strike the Jury Demand before such time as it resolves the jurisdiction question. If the case is remanded to the Superior Court as the Plaintiffs have requested, then it should be the Superior Court that resolves the jury waiver issue. Accordingly, the Plaintiffs respectfully request the Court to deny the Defendants' Motion.

Respectfully submitted,


COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


\_\_/s/_____
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202) 537-0700
efiling@cootermangold.com
*Attorneys for Plaintiffs*
 *Independence Federal Savings Bank*
 *and Stanley W. Parsons*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December 2007, a copy of the foregoing Plaintiffs' Opposition to the Defendants' Motion to Strike Jury Demand was served through the Court's ECF system on:

>Richard W. Luchs, Esq.
>William C. Casano, Esq.
>GREENSTEIN DELORME & LUCHS, PC
>1620 L Street, N.W.
>Suite 900
>Washington, DC  20036-5605

>_____/s/_____
>Dale A. Cooter