UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INDEPENDENCE FEDERAL SAVINGS BANK, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**1225 CONNECTICUT CO. LLC, et al.,**<br><br>Defendants. | Civil Action No.  07-2090 (JDB) |

## MEMORANDUM AND ORDER

This case, in a slightly altered form, is before the Court for a second time, now pursuant to removal jurisdiction.  Currently before the Court is plaintiffs' motion to remand the case to the Superior Court of the District of Columbia ("D.C. Superior Court").  For the reasons stated below, the Court will grant plaintiffs' motion.

Plaintiff Independence Federal Savings Bank ("IFSB") is a federally-chartered savings bank that has four branches in the D.C. metropolitan area: two in the District, one in Chevy Chase, MD, and another in Silver Spring, MD.  Its headquarters are in an office building located at 1225 Connecticut Avenue, NW.  Plaintiff Stanley W. Parsons ("Parsons"), a Virginia resident, is the Vice-President and Chief Information Officer of IFSB, and he works in the D.C. headquarters.  IFSB leases commercial space for its headquarters from defendant 1225 Connecticut Co. LLC ("1225"), a Delaware-chartered limited liability company.  Beginning in July 2007, 1225 initiated a renovation plan (its "Repositioning Project") that includes large-scale demolition of interior and exterior portions of the building.  Plaintiffs claim to have identified the

contractor for the project as defendant Davis Construction Services, LLC ("DCS"), a Virginia company.

In the complaint filed in the D.C. Superior Court on October 23, 2007, plaintiffs complain about the impact of the Repositioning Project.[1]  Specifically, plaintiffs assert the following causes of action in five counts: (I) a breach of contract claim by IFSB against 1225; (II) a third party beneficiary claim by Parsons against 1225 for breach of contract; (III) a claim in which both plaintiffs allege a violation of the covenant of quiet enjoyment by both defendants; (IV) a claim of nuisance by both plaintiffs against both defendants; and (V) a claim of negligence by both plaintiffs against DCS.  Plaintiffs seek injunctive relief and compensatory damages.

On November 16, 2007, defendants filed a notice of removal of the D.C. Superior Court action to this Court arguing that plaintiff Parsons and defendant DCS were improperly and/or fraudulently joined as parties and that without Parsons and DCS diversity jurisdiction would exist under 28 U.S.C. § 1332(a).  On November 26, 2007, plaintiffs filed a motion asserting that removal to federal court was improper and requesting that this Court remand the case back to the D.C. Superior Court.

The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 297 (D.D.C. 2005);

---

[1] On July 31, 2007, plaintiff IFSB filed suit against defendant 1225 in this Court and sought a preliminary injunction to prohibit 1225 from further renovating the building.  See Independence Fed. Savings Bank v. 1225 Connecticut Co. LLC, Civil Action No. 07-1389.  After a hearing, the Court denied plaintiff's motion, and plaintiff thereafter filed a stipulation of voluntary dismissal without prejudice.  See Docket Entry Nos. 22, 23.

In re Tobacco/Gov'tal Health Care Costs Litig., 100 F. Supp. 2d 31, 35 (D.D.C. 2000). Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941); Bhagwanani, 355 F. Supp. 2d at 297; Johnson-Brown v. 2200 M Street LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). Accordingly, "if federal jurisdiction is doubtful, a remand to state court is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2003) (en banc); see also Bhagwanani, 355 F. Supp. 2d at 297; Johnson-Brown, 257 F. Supp. 2d at 177.

In particular, a defendant claiming fraudulent joinder faces a very heavy burden, and "courts are required to resolve all disputed issues of fact and law in favor of the plaintiff." Brown v. Brown & Williamson Tobacco Corp., 26 F. Supp. 2d 74, 77 (D.D.C. 1998) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)); see also Johnson-Brown, 257 F. Supp. 2d at 177 ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."). To meet their burden here, defendants must show that plaintiff Parsons has "no possibility of a right to relief." Brown, 26 F. Supp. 2d at 77 (citation omitted). "[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, and that there is incomplete diversity, and that the case must be remanded to the state courts." Id. (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981)). Remand is appropriate, then, unless Parsons' claims are "wholly nonsensical." Id. (quoting Pulse One Commc'ns, Inc. v. Bell Atl. Mobile Sys., Inc., 760 F. Supp. 82, 84 (D. Md. 1991)).

Defendants first argue that DCS was improperly joined as a defendant because DCS "has

nothing to do with the Repositioning Project." Defs.' Opp. at 7. Instead, according to defendants, DCS is simply a corporate subsidiary of the real general contractor: James G. Davis Construction Corporation, a Virginia corporation. See id. In response, plaintiffs assert that they identified the contractual entity to be "Davis Construction," that the permit is in the name of "Davis Construction," and that without discovery, it is not clear that there can be no cause of action against DCS. See Pls.' Reply at 9. Moreover, plaintiffs state their intention to amend the complaint to join James G. Davis Construction Corporation as a defendant. See id. at 10. Because defendants concede that a Virginia company is the appropriate general contractor to be named as a defendant and because plaintiffs may easily amend their complaint to ensure that the proper Virginia party is named, federal jurisdiction is doubtful. Defendants' first argument therefore fails to establish that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Defendants next argue that Parsons fails to state a cause of action in Counts II, III, and IV.[2] To be sure, defendants expose some weaknesses in those claims. But because the standard is very low for plaintiffs, the Court cannot say that Parsons' claims are "wholly nonsensical." For example, the District of Columbia recognizes a cause of action for a third party beneficiary under a contract. See Fields v. Tillerson, 726 A.2d 670 (D.C. 1999); A.S. Johnson Co. v. Atl. Masonry Co., 693 A.2d 1117 (D.C. App. 1997). And defendants have failed to cite any District of Columbia law that establishes that a plaintiff may not plead a claim for breach of implied

---

[2]Defendants make no further argument regarding Count V, where the Virginia plaintiff, Parsons, brings a negligence claim against the Virginia defendant, the general contractor (whether that entity is DCS or James G. Davis Construction Corporation). This cause of action, therefore, involves incomplete diversity of citizenship.

covenant of quiet enjoyment if a claim has been made for breach of an express covenant of quiet enjoyment. Thus, at bottom, defendants have not shown that all of Parsons' claims present "no possibility of a right to relief" and are instead "wholly nonsensical."

In the future, these claims may be dismissed for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), but that determination should be made by the D.C. Superior Court. See Brown, 26 F. Supp. 2d at 77 (holding that "[r]egardless of the strength or weakness of the plaintiffs' . . . argument, it cannot be said to be 'wholly nonsensical.' Its merit, therefore, is appropriately left for the courts of the District of Columbia to determine on remand."); see also Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 374 (E.D. Pa. 2000) ("We hasten to repeat that it is possible that these claims will ultimately be dismissed on remand, or that the defendants will prevail on summary judgment, but the important point here is that this is not our decision to make, but instead must be left to the state courts."). Because there remains a possibility that the claims here will survive that challenge, remand is appropriate.

Accordingly, upon consideration of [3] plaintiffs' motion to remand and for costs and attorneys' fees, the parties' memoranda, the applicable law, and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that this action is **REMANDED** forthwith to the Superior Court of the District of Columbia; it is further

**ORDERED** that plaintiffs' request for costs and attorneys' fees is **DENIED**; and it is further

**ORDERED** that [7] defendants' motion to strike plaintiffs' jury demand is **DENIED** without prejudice as moot.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:   January 7, 2008